UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JIM ROAKE,

            Plaintiff,           CIV. S-04-2513 GEB PAN PS

     v.

FELDMAN SHERB & CO., a                     ORDER
corporation, GRASSI & CO., a
corporation, EXACT ID, a
corporation (previously known as
ADVANCED PRECISION TECHNOLOGY,
INC.), and DOES 1 through 10,

            Defendants.

                     -o0o-

     Plaintiff commenced this action in pro se on October 4, 2004, in the Sacramento County Superior Court (Case No. 04AS03986), alleging breach of contract and negligence by defendants Feldman Sherb & Co. ("Sherb") and Grassi & Co. ("Grassi") in providing accounting services to defendant Exact ID.  Plaintiff contends that as a result of defendants' actions

the SEC suspended Exact ID resulting in a diminution in the value of Exact ID stock and a loss to plaintiff of more than $10 million.  Plaintiff asserts he pursues this action on behalf of Exact ID but "has not made efforts to secure corporation or shareholder approval against Grassi [and Sherb] in that it was deemed it would be futile in that the corporation does not have the funds with which to finance litigation."  Complaint, ¶¶ 12, 13.

Defendants Sherb and Grassi, New York corporations represented by the same law firm, timely removed this action to federal court on November 24, 2004, pursuant to 28 U.S.C. §§ 1332(a) (diversity) and 1441(b) (removal based upon this court's original subject matter jurisdiction).  These defendants explain that Exact ID is a nominal defendant who may be realigned as a plaintiff, thus meeting their burden to explain the absence of Exact ID in the notice of removal.  See <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999) ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal").

Attorney John H. Eikemeyer, of Vedder Price Kaufman & Kammholz P.C., 805 Third Avenue, New York, 10022, has been retained in this matter by defendants Sherb and Grassi, and has paid the requisite fee to apply for admittance to this court pro hac vice.  The court has reviewed his application and finds that

Mr. Eikemeyer is a lawyer in good standing admitted to practice in the Ninth Circuit Court of Appeals.  Mr. Eikemeyer's application to appear in this court pro hac vice is granted.

Plaintiff and defendants Sherb and Grassi have filed status reports, but neither report is helpful.  Plaintiff fails to state whether Exact ID has been served and suggests there may be a question "whether this matter is required to be arbitrated." Defendants anticipate filing motions to transfer this case to a district court in New York, a motion to dismiss for lack of personal jurisdiction, and a motion for summary judgment based on plaintiff's lack of standing, but decline to offer proposed deadlines for discovery "[i]nasmuch as the case should be disposed of long before either discovery or expert witness disclosure becomes necessary."

Defendants shall file and serve, within thirty days of service of this order, any motion for change of venue or dismissal for lack of personal jurisdiction or, alternatively, a status report prepared jointly with plaintiff which provides the specific information ordered November 2004.  Plaintiff may file an opposition to any motion filed by defendants within twenty days of service of the motion; defendants may file a reply within ten days of service of plaintiff's opposition.  Should defendants file a joint status report, failure of plaintiff to fully participate therein shall be grounds for the imposition of
////
////

sanctions.

So ordered.

Dated:   November 9, 2005.

                                          /s/ Peter A. Nowinski
                                          PETER A. NOWINSKI
                                          Magistrate Judge