UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JIM ROAKE,

          Plaintiff,        CIV. S-04-2513 GEB PAN PS

     v.

FELDMAN SHERB & CO., a corporation, GRASSI & CO., a corporation, EXACT ID, a corporation (previously known as ADVANCED PRECISION TECHNOLOGY, INC.), and DOES 1 through 10,      ORDER

          Defendants.

-o0o-

On November 10, 2005, this court directed defendants to file and serve a motion for change of venue or dismissal, or file a status report prepared jointly with plaintiff. On December 9, 2006, defendants filed a motion for change of venue and scheduled the motion for hearing on January 18, 2006. Plaintiff has not filed an opposition. As oral argument is unnecessary to resolve

this matter, the hearing was vacated and the court makes this order granting defendants' motion.

Plaintiff commenced this action in pro se on October 4, 2004, in the Sacramento County Superior Court, alleging breach of contract and negligence by defendants Feldman Sherb & Co. ("Feldman") and Grassi & Co. ("Grassi") in providing accounting services to defendant Exact ID Corporation (previously known as Advanced Precision Technology, Inc.). The complaint alleges defendants' action resulted in the suspension of Exact ID by the Securities Exchange Commission and a diminution in the value of Exact ID stock.

Plaintiff resides[1] in Washington and is a shareholder of Exact ID. Plaintiff brought this action in Sacramento County Superior Court asserting that Exact ID is a California corporation and that defendants "came to Sacramento, California, to perform [their] services." Complaint, ¶¶ 1,9.

Exact ID is in fact a Nevada corporation. This court's review of records maintained by the Secretaries of State for California and Nevada demonstrates that Exact ID was incorporated in Nevada February 11, 1985, where it remains in good standing. However, at the time plaintiff commenced this action, October 2004, Exact ID's corporate status in California was "forfeited"

---

[1] Although residency does not establish domicile for purposes of diversity jurisdiction, Matin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957), nothing in the record contradicts the assumption that plaintiff intends to maintain his residence in Washington permanently or indefinitely. See, e.g., Williamson v. Osenton, 232 U.S. 619, 624 (1914), Mitchell v. U.S., 88 U.S. 350, 353 (1874).

effective July 25, 2002. The current status of Advanced Precision Technology, Inc., in both California and Nevada is, respectively, "forfeited" and "revoked."

Defendants Feldman and Grassi are New York corporations. These defendants removed this action to federal court on November 24, 2004, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), and now seek to change venue to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This action alleges only state causes of action in contract and negligence; the only basis for federal subject matter jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332 (requiring that each plaintiff be diverse from each defendant). Pursuant to 28 U.S.C. § 1391(a), venue is proper in diversity actions "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred, or a substantial part of property is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Plaintiff brought this action in California based on the

assumptions that Exact ID was a California corporation and substantially all of the events giving rise to plaintiff's claim occurred in California. As defendants do not dispute the latter, the court finds venue proper in this, the transferor, district. 28 U.S.C. § 1391(a)(2).

Nonetheless, venue is both proper and more appropriate in the U.S. District Court for the Southern District of New York. Since Exact ID is a nominal defendant and plaintiff has not demonstrated service upon it, the only active defendants are domiciled in New York. Venue is therefore proper in the transferee court pursuant to 28 U.S.C. § 1391(a)(1).

Additional considerations of convenience and justice support the transfer of venue. "Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."[2] Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (fns. and internal quotations omitted), citing Stewart Organization, Inc. v. Ricoh Corporation, 487 U.S. 22, 29 (1988). The disputed contract and attendant sources of

---

[2] "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498-499 (fns. and internal quotations omitted), again citing Stewart Organization, 487 U.S. at 29-31.

4

proof are in the possession of defendants.  The principal witnesses will be from defendant corporations and their proximity for depositions and trial will save both time and expense.  The normal deference accorded to plaintiff's choice of forum does not apply when plaintiff does not reside in the forum.  <u>Lou v. Belzber</u>, 834 F.2d 730, 739 (9th Cir. 1987).  Additionally, the contracting parties (not including plaintiff per se) agreed to resolve any disputes among Exact ID, Feldman and Grassi in New York.  See Exhibit A to Defendants' Answer.  Plaintiff's failure to oppose defendants' requested change of venue is also a significant consideration.

   Accordingly, defendants motion to transfer venue to the U.S. District Court for the Southern District of New York is granted.

   So ordered.

   Dated:  February 13, 2006.

                                   /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge